IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ____ D.C.

05 MAY 25 PM 5: 21

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | | |
|---|---|---|
| RONALD BOWMAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO.   03-2456 Ml/An |
| GERALD STIPANUK, M.D., et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO COMPEL DISCOVERY

Before the Court is Plaintiff's Motion to Compel Discovery filed on March 8, 2005. For the reasons set forth below, the Motion is **DENIED** without prejudice.

## BACKGROUND

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution. On or about December 13, 2004, Plaintiff served Defendants with his First Request for Production of Documents. Defendants responded to the discovery requests on June 7, 2004, and Plaintiff has now filed the instant motion requesting that the Court compel Defendants to provide additional discovery to Plaintiff. Plaintiff alleges that Defendants "submitted an incomplete response" to the discovery requests and that Defendants' responses have placed undue hardship on his case.

Both Defendant Correctional Medical Services, Inc. ("CMS") and Defendants Shelby County, Tennessee and James Blanchard (collectively "Shelby County") responded to the Motion to Compel. In its Response CMS states that the Court instructed CMS to provided all documents

1

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on 5-26-05



"pertaining to the pertinent parties and pertinent times" in the Court's January 6, 2005 Order. (CMS Resp. to Mot. to Compel, at 2). CMS argues that it provided all pertinent medical records to Plaintiff, and CMS also argues that it provided additional documents to Plaintiff that Plaintiff did not request in his discovery requests, including Plaintiff's VA medical records. CMS finally argues that Plaintiff is now attempting to expand the scope of his original discovery requests, since Plaintiff is requesting additional documents that were not initially requested.

In its Response Shelby County argues that it should not be required to produce additional documents to Plaintiff. Shelby County states that Plaintiff failed to consult with Shelby County's counsel, as required by Local Rule 7.2, before Plaintiff filed the instant Motion. Shelby County also argues that it mailed relevant documents to Plaintiff for his review. Shelby County has accused Plaintiff of "act[ing] in a dilatory fashion and . . . attempting to prevent this matter from proceeding in an orderly fashion." (Resp. of Shelby Co. to Mot. to Compel, at 2).

## ANALYSIS

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevancy means that the evidence "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Coleman v. Am. Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994). The Court should broadly interpret whether evidence is relevant. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.12 (1978) (quoting 4 J. Moore, *Federal Practice* § 26.96[1], at 26-131 n.34 (2d ed. 1976)). In this Circuit, the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and "is . . . within the broad discretion of the trial court." *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). The United States Supreme Court has

2

also noted that discovery should be both broad and liberal. *See Schlagenhauf v. Holder*, 379 U.S. 104. 114-15 (1964) (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

In this case, the Court has reviewed Plaintiff's Motion and concludes that Plaintiff does not specify with sufficient clarity which documents he thinks he is entitled to receive and which documents were not provided to him by Defendants. Plaintiff also does not list the reasons he believes these documents are relevant and discoverable. Judge McCalla held a status conference with Plaintiff and Defendants' counsel on April 8, 2005, and the docket sheet indicates that the parties discussed discovery-related issues. Therefore, the undersigned concludes that the parties may have reached some agreement on what documents, if any, Defendants should provide to Plaintiff that they may not have already provided. As such, the Court is not prepared to rule on the instant motion at this time.

Additionally, Judge McCalla entered a new Rule 16(b) Scheduling Order on April 12, 2005 that allows additional time to complete discovery. Therefore, because the discovery period has been reopened, Plaintiff may request additional documents from Defendants that he believes are relevant and material to his case. As already mentioned, discovery is extremely broad and liberal in the Sixth Circuit, so Plaintiff should be entitled to review any documents that could lead to the discovery of admissible evidence.

Therefore, after due consideration, Plaintiff's Motion is **DENIED** without prejudice. If Plaintiff still believes that the Defendants have not produced documents that are relevant and discoverable, he can re-file his Motion to Compel. However, Plaintiff is reminded that he should specify which documents he has not received and why he believes the documents are discoverable. Plaintiff is also reminded that he should comply with the Local Rules for the

3

Western District of Tennessee requiring consultation with opposing counsel for all disputed discovery matters before filing any future motions to compel.

**IT IS SO ORDERED.**

*/s/ S. Thomas Anderson*
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: May 25, 2005



# Notice of Distribution

This notice confirms a copy of the document docketed as number 138 in case 2:03-CV-02456 was distributed by fax, mail, or direct printing on May 26, 2005 to the parties listed.

---

Ronald M. Bowman
3375 WINBROOKS
Memphis, TN 38116

Stephen G. Smith
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Jerry O. Potter
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Debra L. Fessenden
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT